UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>　　v.<br><br>ANTHONY SCHNEIDER,<br><br>　　Defendant. | 3:16-CR-0005-LRH-VPC<br><br>ORDER |

Before the court is Defendant Anthony Schneider's motion to suppress.[1] ECF No. 30.[2] The United States filed a response. ECF No. 34.

On November 17, 2015, Schneider was arrested for allegedly siphoning gasoline from vehicles and was taken to Washoe County Jail in Reno, Nevada. ECF No. 30; ECF No. 30-1 at 3. The following day, Detective Scott Johnson of the Reno Police Department interrogated Schneider in relation to a series of armed robberies, and Schneider made several incriminating statements. The Grand Jury eventually indicted Schneider for multiple counts of Interference

---

[1] Schneider's counsel acknowledges that he filed the motion to suppress a week after the deadline set by the court's trial order. ECF No. 30 at 1. He explains that this untimeliness was due to a clerical error and difficulties in visiting his client in detention. Because of the constitutional concerns raised in the motion and the lack of opposition by or prejudice to the United States, the court will consider the motion.

[2] This citation refers to the court's docket number.

1   with Commerce by Robbery under 18 U.S.C. § 1951 and Use of a Firearm During and in

2   Relation to a Crime of Violence under 18 U.S.C. § 924(c)(1)(A)(ii). ECF No. 1.

3         At the interrogation's onset, Detective Johnson gave Schneider the following version of a

4   *Miranda* warning:

5   > [Y]ou have the right to remain silent. Anything you tell me can be used in court.
6   > You have the right to have an attorney, to have him with you before any
7   > questioning, and if you can't afford an attorney, one will be provided for you without cost . . . if you so choose.

8   ECF No. 30-1 at 2. As seen in this transcript excerpt, Detective Johnson informed Schneider that

9   he had the right to have an attorney present *before* questioning but did not inform Schneider that

10  he also had the right to have an attorney present *during* questioning. Schneider argues that this

11  *Miranda* warning was therefore deficient and violated his right to counsel under the Fifth

12  Amendment of the U.S. Constitution.

13        The United States agrees that this warning was deficient and that Schneider's statements

14  should be suppressed and thus excluded as substantive evidence in the government's case-in-

15  chief. ECF No. 34 at 1. However, the United States argues that, because Schneider voluntarily

16  made these statements, they would be admissible for impeachment purposes during cross-

17  examination of Schneider if he chooses to testify. Schneider did not file a reply and thus did not

18  oppose this assertion.

19        The court finds that both parties are correct that, because Detective Johnson failed to

20  inform Schneider of his right to counsel during questioning, the *Miranda* warning was deficient.

21  *See United States v. Noti*, 731 F.2d 610, 614 (9th Cir. 1984) (recognizing that the U.S. Supreme

22  Court "has repeatedly emphasized the critical importance of the right to know that counsel may

23  be present during questioning."). Because the exclusionary rule "bars the admission of evidence

24  obtained in violation of the Constitution," the United States may not use Schneider's

25  incriminating statements as substantive evidence. *United States v. Ramirez-Sandoval*, 872 F.2d

26  1392, 1395 (9th Cir. 1989) (citing *Nardone v. United States*, 308 U.S. 338, 341(1939)). But, as

27  the United States correctly asserts, the statements may be used to impeach Schneider if he

28  chooses to testify. *See Oregon v. Elstad*, 470 U.S. 298, 307 (1985) ("Despite the fact that

patently *voluntary* statements taken in violation of *Miranda* must be excluded from the prosecution's case, the presumption of coercion does not bar their use for impeachment purposes on cross-examination.").

IT IS THEREFORE ORDERED that Schneider's Motion to Suppress (ECF No. 30) is GRANTED.

IT IS SO ORDERED.

DATED this 12th day of September, 2016.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3