UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Respondent/Plaintiff,<br><br>　v.<br><br>ANTHONY SCHNEIDER,<br><br>　　　　　　　　Petitioner/Defendant. | Case No. 3:16-cr-00005-LRH-CLB-1<br><br>ORDER |

Defendant Anthony Schneider moves this Court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, arguing that attempted Hobbs Act robbery is not a crime of violence in light of *United States v. Davis*, 139 S. Ct. 2319 (2019) ("*Davis*"). ECF No. 123, corrected ECF No. 124. The Government opposed, arguing that his motion is foreclosed by Ninth Circuit precedent and because his motion is procedurally defaulted and barred by the explicit terms of his plea agreement. ECF No. 127. Accordingly, Schneider replied. ECF No. 147. For the reasons contained within this Order, the Court denies Schneider's motion and denies him a certificate of appealability.

**I.　BACKGROUND**

On January 27, 2016, Schneider was indicted in an eight count indictment on three counts of interference with commerce by robbery ("Hobbs Act robbery"), in violation of 18 U.S.C. § 1951; three counts of use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c); one count of conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951; and one count of attempted interference with commerce by robbery, in

1

violation of 18 U.S.C. § 1951. ECF No. 1. On May 30, 2017, Schneider pled guilty to Counts 1, 3, 4, 7, and 8,[1] pursuant to a written plea agreement, in which he admitted the following facts: (1) using what appeared to be an assault rifle, the Defendant robbed the El Rancho Market in Reno on November 1, 2015, absconding with approximately $550; (2) carrying a machete, Defendant robbed the Little Caesars Pizza on West Moana Lane in Reno on November 6, 2015, and absconded with approximately $80; (3) Defendant robbed the Valley Liquor Market in Reno on November 10, 2015; (4) during this robbery, he pointed a gun at employees and demanded they give him money, ultimately absconding with approximately $400 to $500; (5) on November 17, 2015, Defendant attempted to rob the Taco Bell on North Hills Boulevard in Reno; (6) during this robbery, Defendant carried a black pistol which he pointed at employees, and one suspect was wearing an inside-out hooded sweatshirt; (7) when Defendant saw an employee on the phone, he and his accomplice fled; (8) on November 17, 2015, Defendant was arrested by Washoe County Sheriff's deputies on an outstanding warrant; (9) during an inventory search of the vehicle he was driving, the deputies saw a silver mask, black pistol, and a black inside-out sweatshirt; and (10) all of the stores Defendant admitted to robbing are businesses involved in interstate commerce. *See* ECF No. 88 at 5-7.

On September 28, 2017, the Court sentenced Schneider to a total of 162-months imprisonment—78-months imprisonment as to Counts 1, 3, 4, and 7, and 84-months as to Count 8, to run consecutively—to be followed by three years of supervised release as to Counts 1, 3, 4, and 7 and five years of supervised release as to Count 8, to run concurrently. ECF Nos. 106 & 109. Schneider filed no direct appeal. On October 30, 2019, Schneider filed the pending section 2255 motion to vacate, set aside, or correct his sentence, in light of *Davis*. ECF No. 123, corrected ECF No. 124. The Government opposed (ECF No. 127); accordingly, Schneider replied (ECF No. 147).[2] The Court now rules on the pending motion.

///

---

[1] Counts 1, 3, and 4: interference with commerce by robbery; Count 7: attempted interference with commerce by robbery; and Count 8: use of a firearm during and in relation to a crime of violence.

[2] Due to change in counsel, the Court granted Defendant an extension on his time to file a reply. Therefore, this motion was not ripe until June 11, 2020. *See* ECF Nos. 130; 145; & 147.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 2255, a petitioner may file a motion requesting the court which imposed sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). Such a motion may be brought on the following grounds: (1) "the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such sentence;" (3) "the sentence was in excess of the maximum authorized by law;" or (4) the sentence "is otherwise subject to collateral attack." *Id.*; *see United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010) (citation omitted). When a petitioner seeks relief pursuant to a right newly recognized by a decision of the United States Supreme Court, a one-year statute of limitations applies. 28 U.S.C. § 2255(f). That one-year limitation period begins to run from "the date on which the right asserted was initially recognized by the Supreme Court." *Id.* § 2255(f)(3).

## III. DISCUSSION

### A. Schneider's motion is not procedurally barred, and he has not waived his right to collaterally attack his conviction and sentence.

The Government argues that Schneider's motion must be denied because (1) his plea agreement contains a collateral-attack waiver; and (2) he failed to raise the issue on direct appeal. ECF No. 127. These arguments are unavailing. First, the Ninth Circuit has held that an appeal waiver in the plea agreement does not bar a defendant's challenge to his sentence based on an unconstitutionally vague statute. *United States v. Torres*, 828 F.3d 1113, 1125 (9th Cir. 2016) ("A waiver of appellate rights will also not apply if a defendant's sentence is 'illegal,' which includes a sentence that 'violates the constitution.'"). As Schneider argues that his sentence should be vacated because it was based on the now unconstitutionally vague residual clause of § 924(c), his motion is not barred by the plea agreement.

Second, Schneider is not barred from collaterally attacking his sentence because he failed to do so on direct appeal. Under § 2255(f)(3), he is entitled to challenge his sentence within one year of "the date on which the right [he] assert[s] was *initially* recognized by the Supreme Court." (emphasis added). Courts in this District have previously held that a motion challenging the constitutionality of § 924(c)'s residual clause is not procedurally barred, even when the defendant

did not raise the issue on appeal. *See United States v. Bonaparte*, Case No. 2:12-cr-132-JAD-CWH-2, 2017 WL 3159984, at *2 (D. Nev. July 25, 2017) (finding that the defendant's section 2255 motion was not "barred by his collateral-attack waiver or based on its timing."); *United States v. Harrison Johnson*, No. 2:12-cr-00336-JAD-CWH, 2018 WL 3518448, at *2 (D. Nev. July 19, 2018) (same). As Schneider's motion was brought within one year of *Davis*,[3] which held that the residual clause of § 924(c) is unconstitutionally vague, the Court finds his motion is timely.[4]

### B. While the residual clause of § 924(c) is unconstitutionally vague, Schneider's sentence is upheld under the "elements" clause of the statute.

Schneider pled guilty to Count 8 of the indictment, which charged him with using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). ECF Nos. 1; & 87. 18 U.S.C. § 924(c)(1)(A) provides that "any person, who, during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence . . . be sentenced to a term of imprisonment" of not less than 7 years if the firearm is brandished. The statute further defines "crime of violence" in two ways. The first, by what is known as the "elements" or "force" clause: an offense that is a felony and "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Id.* § 924(c)(3)(A). The second, by what is known as the residual clause: an offense that is a felony and "that by its nature, involves substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* § 924(c)(3)(B). Schneider argues that attempted Hobbs Act robbery is not a crime of violence by its elements, and thus, his sentence under section 924(c) could only have arisen under the unconstitutionally vague residual clause. Therefore, he argues it must be vacated.

The Court disagrees; it is bound by Ninth Circuit's precedent, *United States v. Dominguez*, 954 F.3d 1251 (9th Cir. 2020), which held that attempted Hobbs Act robbery is categorically a

---

[3] *Davis* was decided on June 24, 2019 and Schneider's motion was filed on October 30, 2019.
[4] The Court further notes that in *United States v. Gutierrez*, 876 F.3d 1254, 1255-56 (9th Cir. 2017), the defendant did not directly appeal his sentence, but still brought a motion challenging his conviction for brandishing a firearm during a crime of violence. In that case, the Government "did not raise any procedural barriers" for the Court to consider and the Ninth Circuit proceeded directly to the merits of the case.

crime of violence under the elements clause. "An offense is categorically a crime of violence only if the least violent form of the offense qualifies as a crime of violence." *Dominguez*, 954 F.3d at 1259. Considering the "fear of injury" provision the least serious way to violate of the Hobbs Act robbery statute, the Ninth Circuit determined that "placing a victim in fear of bodily injury is categorically a crime of violence under the elements clause because it 'requires at least an implicit threat to use the type of violent physical force necessary to meet the *Johnson* standard.'" *Id.* at 1260 (quoting *United States v. Gutierrez*, 876 F.3d 1254, 1257 (9th Cir. 2017)). "Because completed Hobbs Act robbery is a crime of violence under § 924, attempted Hobbs Act robbery is also a crime of violence." *Id.* at 1261. Noting that the Seventh and Eleventh circuits agree, the Court reasoned:

> 18 U.S.C. § 924(c)(3)(A) explicitly includes as crimes of violence offenses that have as an element the 'attempted use' or 'threatened use' of force. . . . An attempt to commit a crime should therefore be treated as an attempt to commit every element of that crime. "When the intent element of the attempt offense includes intent to commit violence against the person of another, . . . it makes sense to say that the attempt crime itself includes violence as an element."

*Id.* at 1261-62 (quoting *Hill v. United States*, 877 F.3d 717, 719 (7th Cir. 2017)). The Court sees no reason to deviate from the Ninth Circuit's well-reasoned opinion and finds that attempted Hobbs Act robbery is categorically a "crime of violence."

Because Schneider's conviction may be upheld under the elements clause of § 924(c), the Supreme Court's decision in *Davis* does not affect his sentence. Schneider also pled guilty and admitted the elements of the predicate offense, attempted Hobbs Act robbery as charged in Count 7: that (1) on November 17, 2015, Defendant attempted to rob the Taco Bell on North Hills Boulevard in Reno; (2) during this robbery, Defendant carried a black pistol which he pointed at employees, and one suspect was wearing an inside-out hooded sweatshirt; (3) when Defendant saw an employee on the phone, he and his accomplice fled; (3) on November 17, 2015, Defendant was arrested by Washoe County Sheriff's deputies on an outstanding warrant; (4) during an inventory search of the vehicle he was driving, the deputies saw a silver mask, black pistol, and a black inside-out sweatshirt; and (5) the business is involved in interstate commerce. *See* ECF No. 88 at 5-7. Accordingly, Schneider's conviction and resulting 84-month sentence for Count 8

withstands his constitutional challenge, and his motion to vacate, set aside, or correct his sentence is denied. Because Defendant admitted and was convicted of this underlying offense, which on its own is categorically a crime of violence, the Court need not reach the issue of whether conspiracy to commit Hobbs Act robbery is also a crime of violence in order to uphold his sentence and conviction on Count 8.

### C. Certificate of Appealability

To proceed with an appeal of this Order, Schneider must receive a certificate of appealability from the Court. 28 U.S.C. § 2253(c)(1); FED. R. APP. P. 22; 9TH CIR. R. 22-1; *Allen v. Ornoski*, 435 F.3d 946, 950-951 (9th Cir. 2006). For the Court to grant a certificate of appealability, the petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). And the petitioner bears the burden of demonstrating that the issues are debatable among reasonable jurists; that a court could resolve the issues differently; or that the issues are "adequate to deserve encouragement to proceed further." *Slack*, 529 U.S. at 483-84 (citation omitted).

As discussed above, Schneider has failed to raise a meritorious challenge to his conviction and sentence under section 924(c)—attempted Hobbs Act robbery is categorically a crime of violence pursuant to the Ninth Circuit's decision in *Dominguez*. As such, the Court finds that he has failed to demonstrate that reasonable jurists would find the Court's assessment of his claims debatable or wrong. *See Allen*, 435 F.3d at 950-951. Therefore, the Court denies Schneider a certificate of appealability.

### IV. CONCLUSION

IT IS THEREFORE ORDERED that Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 123, corrected ECF No. 124) is **DENIED.**

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

///

///

///

///

IT IS FURTHER ORDERED that the Clerk of Court **ENTER** a separate and final Judgment denying Schneider's § 2255 motion. *See Kingsbury v. United States*, 900 F.3d 1147, 1150 (9th Cir. 2018).

IT IS SO ORDERED.

DATED this 8th day of January, 2021.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE